In The United States District Court
For The Western District of Pennsylvania

Faysal Salim Muhammad
#NW8098
SCI-Houtzdale                                    Complaint
P.O. Box 1000          **FILED**          Civil Action No. 3:19-CV-206
Houtzdale, PA 16698        DEC - 4 2019

CLERK U.S. DISTRICT COURT
V.          WEST. DIST. OF PENNSYLVANIA

1.) Erie County Convention Center Authority,
Owner, Marriott Courtyard, 2 Sassafras Pier, Erie, PA 16507

2.) White Lodging Services of Merrillville, Indiana,
Managed, Marriott Courtyard, 701 83rd Ave #17, Merrillville, IN 46410

3.) Stacey Tupek, General Manager,
Marriott Courtyard, 2 Sassafras Pier, Erie, PA 16507

4.) John Doe or Jane Doe, Hotel Maid,
Marriott Courtyard, 2 Sassafras Pier, Erie, PA 16507

5.) City of Erie Police Department, 626 State St., Erie, PA 16501

6.) Donald Dancus, Chief,
City of Erie Police Department
626 State St, Erie, PA 16501

-1-

7) Mike Nolan, Lieutenant

City of Erie Police Department, 626 State St, Erie, PA 16601

8) Michael J. Chodubski, Sergeant

City of Erie Police Department, 626 State St, Erie, PA 16601

9) Ryan Victory, Detective

City of Erie Police Department, 626 State St, Erie, PA 16601

## I. Complaint

Plaintiff, Faysal S. Muhammad, Pro Se, For their Complaint State as follows:

## II. Jurisdiction & Venue

1)   This is a civil action authorized by 42 U.S.C. Section 1983 to redress the deprivation, under color of state Law, of rights secured by the Constitution of the United States. The court has Jurisdiction under 28 U.S.C. Section 1331 and 1343 (a)(3). Plaintiff seeks Declaratory relief pursuant to 28 U.S.C. Section 2201 and 2202. Plaintiff's claims for injunctive relief are authorized by 28 U.S.C. Section 2283 & 2284 and Rule 65 of the Federal Rules of Civil Procedure.

2)   The United States District Court for the Western District of Pennsylvania is an appropriate venue under 28 U.S.C. Section 1391 (b)(2) because it is where the events giving rise to this claim occurred.

### III. Plaintiff

3.) , Plaintiff, Faysal S. Muhammad is and was at all times Mentioned herein, an adult citizen of the United States and a resident of the state of Pennsylvania. He is currently confined in the State Correctional institution. Houtzdale, in the City of Houtzdale in the state of Pennsylvania.

### IV. Defendants

4.) Defendant, Erie County Convention Center Authority was at all relevant times herein the owner of the Marriott Courtyard. IN the City of Erie.

5.) Defendant, City of Erie Police Department is and was at all relevant times herein a Municipal Corporation of the State of Pennsylvania.

6.) Defendant, White Lodging Services of Merrillville, Indiana, is the Managed Services of the Marriott Courtyard. White Lodging Services of Merrillville, Indiana is Legally responsible for the operation of the Marriott Courtyard and for the welfare of all the Employees in the Marriott Courtyard.

7.) Defendant, Donald Dancus is the Cheif of the City of Erie Police Department. He is Legally responsible for the operation of the City of Erie Police Department and for the welfare of all the Employees in that Police Department.

8) Defendant, Stacey Tupek who, at all times mentioned in this Complaint, held the rank of General Manager and was assigned to the Marriott Courtyard.

9) Defendant, Jane Doe and/or John Doe who, at all times mentioned in this Complaint, held the rank of Hotel Maid and was assigned to the Marriott Courtyard.

10) Defendant, Mike Nolan who, at all times mentioned in this Complaint, held the rank of Lieutenant and was assigned to the City of Erie Police Department.

11) Defendant, Michael J. Chodubski who, at all times mentioned in this Complaint, held the rank of Sergeant and was assigned to the City of Erie Police Department.

12) Defendant, Ryan Victory who, at all times mentioned in this Complaint, held the rank of Detective and was assigned to the City of Erie Police Department.

13) Each Defendant is sued individually and in his or her official capacity. At all times mentioned in this Complaint each Defendant acted under the color of state law.

## V. Facts

14) On March 8, 2017, approx. 1600hr, the Hotel Maid (John Doe

(or Jane Doe) at the Marriott Courtyard in Erie, Pennsylvania on 2 Sassafras Pier, went into Plaintiff room 301, where Plaintiff had a (Do Not Disturb) sign on the door to clean. The Hotel Maid (John Doe or Jane Doe) found a firearm inside one of the Couch Pillow Cases. Then the Hotel Maid (John Doe or Jane Doe) went to the General Manager (Stacey Tupek) an told what was found inside room 301 Couch Pillow Case. Stacey Tupek called Erie Police Department and spoke with Lieutenant (Mike Nolan) an said that the cleaning staff had found a firearm inside room 301 Couch Pillow case, also it smelled like Marijuana in the past and wanted to know had to go about charges or retrieving the firearm. Mike Nolan sent Sergeant (Michael J. Chodubski) and Detective (Ryan Victory) down to the Marriott Courtyard to further investigate. When Erie Police arrived Stacey Tupek told Erie Police Ryan Victory and Michael J. Chodubski the samething Stacey Tupek said over the phone to Mike Nolan. Ryan Victory asked Stacey Tupek was the person who rented the room in there and Stacey Tupek stated that the room is currently rented but empty at the time, also the person who rented the room is not the same person staying and paying for the room. Erie Police asked Stacey Tupek to accompany them to room 301 and she did. Stacey Tupek used her passkey to enter the room, then showed Erie Police the Couch Pillow case were the firearm was located. Ryan Victory then removed the firearm from pillow case and called in to Mike Nolan to run the serial numbers; came back no ownership, then Ryan Victory put the firearm back just like he found

the firearm an Left the room. When Plaintiff arrived to the marriott Courtyard Ryan Victory was talking to another Hotel Manager by the name of (Chris) and Chris told Ryan Victory thats the Plaintiff entering the elevator whos' renting room 301. Plaintiff went into the elevator, went up and came back Down to the Hotel Lobby as to when Plaintiff exited the elevator Plaintiff was stop by Erie Police. When Plaintiff came off the elevator Plaintiff had his hands inside his hoodie and Erie Police ask Plaintiff to remove his hands; Plaintiff DiD. Ryan Victory and Michael J. Chodubski stated that they Got a call that theirs a firearm in Plaintiff room, then asked Plaintiff Do he have a firearm on him and Plaintiff said that he Do not know nothing about no firearm. Michael J. Chodubski Grab Plaintiff hands and ask Do he have anything ou him that they should know about and Plaintiff said Drugs. Erie Police search Plaintiff and found Drugs but no firearm. Plaintiff was arrested and tooking to room 301. Erie police went into Plaintiffs' pocket to retrieve the room key and entered room 301. Erie Police set Plaintiff in a chair while Erie Police search Plaintiffs' room. Ryan Victory found the firearm that was concealed and Michael J. Chodubski found Plaintiffs' bag of clothes that had other Drug related items hiding inside the bag.

15.) White Lodging Services of Merrillville, Indiana - fail to adequately train staff.

-6-

16.) Chief Donald Dancus - Fail to adequately train staff.

## VI. Legal Claims

17.) Plaintiff reallege and incorporate by reference Paragraphs 1-16.

18.) Defendant, White Lodging Services of Merrillville, Indiana, failed to adequately train staff caused actions that violated Plaintiff Faysal S. Muhammad rights and constituted; The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized under the IV amendment to the United States Constitution, caused Plaintiff Faysal S. Muhammad pain, suffering, emotional distress, lost of life, kids, house, car, clothes and job.

19.) Defendant, Donald Dancus, failed to adequately train staff. caused actions that violated Plaintiffs rights and constituted; The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized under the IV amendment to the United States Constitution, caused Plaintiff

Pain, Suffering, Emotional Distress, Lost of Life, Kids, House, Car, Clothes and Job.

20.)    Defendant, Mike Nolen, failed to intervene the bad acts By running the serial numbers of the firearm that was found were Defendants, Michael J. Chodubski and Ryan Victory Did not have Lawful access to; caused actions that violated Plaintiff rights and constituted, The right of the people to Be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and No warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly Describing the place to be searched, and the persons or things to Be seized under the IV amendment to the United States Constitution, Caused Plaintiff pain, suffering, Emotional Distress, Lost of Life, Kids, House, Car, Clothes and Job.

21.)    Defendants, Michael J. Chodubski and Ryan Victory Did not have Lawful access to enter Room 301, and violated Plaintiff rights and constituted, The right of the people to Be secure in their persons, houses, papers and effects, against unreasonable searches and seizures, shall not be violated, and No warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly Describing the place to Be searched, and the persons or things to Be seized under the IV amendment to the United States Constitution, caused Plaintiff pain, suffering, Emotional Distress, Lost of Life, Kids, House, Car, Clothes, and Job.

22.) Defendant, John Doe or Jane Doe, went into Plaintiff Room 301; were Plaintiff had a Do Not Distrub Sign on the Door to clean an Found a Firearm and actions violated Plaintiff Rights and constituted, The right of the people to Be secure In their persons, houses, papers, and effects, against unreasonable Searches and seizures, shall not Be violated, and no warrents shall issue, but upon probable cause, supported By oath or affirmation, and particularly Describing the place to be searched, and the persons or things to Be seized under the IV Amendment to the United States Constitution, caused Plaintiff pain, suffering, Emotional Distress, Lost of Life, Kids, House, Car, Clothes and Job.

23.) Defendant, Stacey tupek, used her passkey For the City of Erie Police Department to enter Plaintiff room to search For an firearm that was concealed inside of a couch Pillow Case were no warrant was showed and actions violated Plaintiff Rights and constituted, The right of the people to Be secure in their persons, houses, papers and effects, against unreasonable Searches and seizures, shall not Be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly Describing the place to be searched, and the persons or things to Be seized under the IV Amendment to the United States Constitution, caused Plaintiff pain, suffering, Emotional Distress, Lost of Life, Kids, House, Car, clothes and Job.

24.) The Plaintiff, Faysal S. Muhammad, has no plain, adequate or complete remedy at law to redress the wrongs described herein. Plaintiff has been and will continue to be irreparably injured by the conduct of the Defendants unless this court grants the Declaratory and Injunctive relief which Plaintiff seeks.

## VII. Prayer For Relief

WHEREFORE, Plaintiff respectfully prays that this court enter Judgment Granting Plaintiff:

25.) a Declaration that the acts and omissions described herein violated plaintiffs rights under the Constitution and laws of the United States, and

26.) a Preliminary and Permanent injunction ordering Defendants Mike Nolen, Michael J. Chodubski, Ryan Victory, Stacey tupek and John Doe or Jane Doe to stop violating the United States and Pennsylvania Constitution Laws, and

27.) Granting Plaintiff Compensatory Damages in the amount of $150,000 against each Defendant, Jointly and severally.

28.) Plaintiff seeks Punitive Damages in the amount of $250,000 against each Defendant, Jointly and severally.

29)     Plaintiff also seek Pain, Suffering, Emotional Distress, Lost of Life, family, House, Car, Clothes and Job Damages in the amount of $175,000 against each Defendant, Jointly and severally.

30)     Plaintiff also seek a Jury trial on all issues triable by Jury.

31)     Plaintiff also seek recovery of their cost in this suit, and

32)     any additional relief this court Deems Just, proper, and Equitable.

Dated: December 1, 2019.

Respectfully Submitted,
Faysal S. Muhammed, Pro Se
#NW8098
SCI-Houtzdale
P.O. BOX 1000
Houtzdale, PA. 16698

<u>Verification</u>

I have read the foregoing complaint and hereby verify
that the matters alleged therein are true, except as to matters
alleged on information and belief, and, as to those, I believe
them to Be true. I certify under penalty of perjury that the
foregoing is true and correct.

Executed at Erie, Pennsylvania on.

Faysal S. Muhammad

Faysal S. Muhammad, Pro Se